UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CR-20155-RAR

UNITED STATES OF AMERICA

vs.

CARLOS RAFAEL CASTANEDA MENDEZ,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION**

**THIS CAUSE** comes before the Court on Defendant Carlos Rafael Castaneda Mendez's Consolidated Motion for Sentence Reduction and Motion for Appointment of Counsel ("Motion"), [ECF No. 345], as well as Defendant's Motion for an Order Directing the Government to Procure/Produce Post-Rehabilitation Documents and Motion for an Order Directing the Government to Procure/Produce Petitioner's Medical Records ("Motions for Documents"), [ECF Nos. 346, 347]. The Court having carefully reviewed all three Motions, the United States' Omnibus Response in Opposition ("Response"), [ECF No. 349], the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion is **DENIED**, and Defendant's Motions for Documents are **DENIED as MOOT** as set forth herein.

**BACKGROUND**

This case involves a fraud scheme organized by Castaneda Mendez that included at least eight other co-conspirators in which individuals used false passports to impersonate property owners in order to open unauthorized bank accounts in the owners' names and obtain millions of dollars in fraudulent loans on the owners' properties. *See* Presentence Investigation Report ("PSI"), [ECF No. 210], at ¶¶ 6; 45. Castaneda Mendez, as the organizer of the scheme, identified

target properties and property owner victims; recruited co-conspirators; caused fraudulent passports to be created in the names of the victim property owners; created fraudulent email addresses in the names of property owner victims to use in furtherance of the scheme; impersonated property owner victims to communicate via WhatsApp with mortgage brokers; and directed the flow of the fraud proceeds. *Id.* at 6–11; 41; 45; *see also* Factual Proffer, [ECF No. 169].

On January 26, 2021, a federal grand jury returned an indictment charging Castaneda Mendez with one count of conspiracy to commit bank and wire fraud in violation of 18 U.S.C. § 1349 (Count 1); seven counts of wire fraud in violation of 18 U.S.C. § 1343 (Counts 2–7 & 10); one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Count 14); one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (Count 22); and one count of money laundering in violation of 18 U.S.C. § 1957 (Count 23). *See* Superseding Indictment, [ECF No. 61]. On August 24, 2021, Castaneda Mendez pleaded guilty to Count 1 (conspiracy to commit bank and wire fraud) and Count 14 (aggravated identity theft). *See* Plea Agreement, [ECF No. 168]. As part of his Plea Agreement, Castaneda Mendez acknowledged his role as the scheme's organizer and agreed to recommend jointly with the United States that he should receive a four-level enhancement pursuant to U.S.S.G. § 3B1.1(a). *Id.* at ¶ 8. The United States Probation Office agreed with this enhancement. *See* PSI at ¶ 45.

At sentencing on October 18, 2021, there were no objections to the PSI and the Court set the guideline range at 78 to 97 months' imprisonment on Count 1, followed by a mandatory two-year sentence of imprisonment on Count 14. *See* Sentencing Transcript ("Sent. Trans."), [ECF No. 302], at 104:19–105:3 (noting no objection and adopting the PSI's calculations regarding Defendant's adjusted offense level of 28 and criminal history category I); *see also* PSI at ¶ 107. The Government had filed a motion to reduce Defendant's sentence pursuant to U.S.S.G. § 5K1.1,

[ECF No. 222], which the Court granted at sentencing, Sent. Trans. at 121:13–122:4, and Castaneda Mendez was ultimately sentenced to 78 months' imprisonment—54 months as to Count 1 and 24 months as to Count 14, to run consecutive. *See* Judgment, [ECF No. 257]. At sentencing, the Court noted Defendant's "leadership role" in the offense. Sent. Trans. 121:18-25.

In his Motion, Castaneda Mendez requests that the Court apply a two-level decrease to his sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 821, which provides a "downward adjustment for certain/eligible zero-point offenders." Mot. at 1. Aside from providing the Court with a summary of Amendment 821, *see id.* at 2-4, he "requests an attorney be appointed" to help him "properly brief[ ] the application of Amendment 821," and also requests assistance in obtaining "proper documentation" in support of his Motion. *Id.* at 5. Moreover, in his accompanying Motions, [ECF Nos. 346, 347], he requests that the Government produce documentation related to his purported rehabilitation, along with medical records, in support of his request for relief under § 3582(c)(2).

## LEGAL STANDARD

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission*.

18 U.S.C. § 3582(c)(2) (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on an original sentencing range that appears to have been subsequently lowered by the Sentencing Commission.

*See Dillon v. United States*, 560 U.S. 817, 825–26 (2010).  First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements.  *See United States v. Barbieri*, No. 18-20060, 2023 WL 8472741, at *2 (S.D. Fla. Dec. 6, 2023).  Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence.  *Id.*

The applicable Sentencing Commission policy statement here provides that a court "*shall not* reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).  Further, although Amendment 821 went into effect on November 1, 2023, the policy statement "delays the effective date of orders reducing a defendant's term of imprisonment to a date no earlier than February 1, 2024." U.S.S.G. § 1B1.10 cmt. n.7.  In other words, if a defendant is scheduled for release before February 1, 2024, he or she is not entitled to relief under Amendment 821.

If a defendant is eligible for relief under § 3582(c)(2), the Court must then determine if it will exercise its discretion to reduce that defendant's sentence after it has considered the § 3553(a) factors, *Dillon*, 560 U.S. at 826–27, and "the nature and seriousness of the danger to any person or the community that may be posted by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10 cmt. n.1(B).  The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy

statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

## ANALYSIS

Castaneda Mendez seeks relief pursuant to Amendment 821—the recently added adjustment for certain zero-point offenders. A defendant is eligible for a two-level reduction in his offense level under Amendment 821 if he meets all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[.]

*See* U.S.S.G. § 4C1.1.

Here, Castaneda Mendez fails to meet the tenth criterion because he received an aggravating role enhancement under § 3B1.1.  Section 4C1.1(a)(10) disqualifies *two* sets of defendants:  those who receive an aggravating role enhancement and those who engaged in a continuing criminal enterprise.  *See United States v. Garcon*, 54 F.4th 1274, 1280 (11th Cir. 2022) (en banc) (explaining where the word "and" conjoins several negative phrases, each negative phrase is a separate requirement); *see also United States v. Draheim*, 958 F.3d 651, 656 (7th Cir. 2020) (interpreting similar language in the fourth criterion of the safety valve statute, 18 U.S.C. § 3553(f), and concluding defendant was disqualified by *either* an aggravating role or engagement in a continuing criminal enterprise, noting defendant's argument that both requirements must be met  to deny safety valve relief "'would be correct [if the relevant statutory provisions] were phrased in terms of what the government would have to prove was true of the defendant, but unfortunately for [the defendant], the statute is phrased in terms of what the defendant must show *was not* true of him.'" (quoting *United States v. Bazel*, 80 F.3d 1140, 1143 (6th Cir. 1996))).

In sum, the plain language and context of § 4C1.1(a)(10) is properly read to exclude any defendant who *either* had an aggravating role enhancement *or* engaged in a continuing criminal enterprise.  Indeed, courts in this district have uniformly interpreted the guideline provision in this fashion, thereby disqualifying *both* sets of defendants.  *See, e.g.*, *United States v. Wally Dorlus*, No. 21-CR-60119-RS, ECF No. 124 (S.D. Fla. Dec. 19, 2023) ("The Defendant received an aggravating role enhancement, therefore he does not qualify for a reduction."); *United States v. Everret Donovan Williams*, No. 04-CR-20065-PAS, ECF No. 1117 (S.D. Fla. Nov. 21, 2023) ("Here, Defendant does not qualify for the adjustment for certain zero-point offenders as he claims, because he was a supervisor in the charged drug conspiracy and received an aggravating role adjustment under § 3B1.1."); *United States v. Alexander Juan*, No. 22-CR-20341-JEM-2, ECF No. 413 (S.D. Fla. Nov. 20, 2023) ("Here, Defendant is not eligible for a sentence reduction under

subsection (10) as he received an aggravating role under § 3B1.1(a)"); *United States v. Ceasar*, No. 19-CR-60380-RKA-2, ECF No. 176 (S.D. Fla. Nov. 17, 2023) ("Therefore, the Defendant's role as an organizer of a criminal activity precludes her from a sentence reduction under § 4C1.1."); *United States v. Miguel Rodriguez-Orejuela*, No. 03-CR-20774-WPD, ECF No. 338 (S.D. Fla. Nov. 16, 2023) ("Defendant is excluded from benefitting from that reduction because he received a four level enhancement for his role in the offense. That disqualifies him from benefitting from the zero point amendment.") (citations omitted).

Here, Castaneda Mendez plainly fails to meet the requirements of § 4C1.1(a)(10). He received an adjustment pursuant to § 3B1.1 for his aggravating role in the offense. He was assessed this role adjustment because he organized the mortgage fraud scheme, including recruiting some of his co-conspirators into the scheme. *See* PSI at ¶¶ 6–11, 41, 45; *see also* Factual Proffer at 1 ("Defendant organized a scheme to cause false and fraudulent passports to be manufactured to impersonate the owners of residential properties to obtain fraudulent loans on those properties for the benefit of the Defendant and others."). In sum, Castaneda Mendez is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). And as any reduction in his sentence would be inconsistent with the applicable policy statements regarding Amendment 821, the Court need not consider the § 3553(a) factors.[1]

Lastly, Defendant's Motion for Appointment of Counsel also warrants denial given that he is ineligible for relief and not entitled to the appointment of counsel. *See United States v. Llanos Cortes,* No. 19-20220, 2023 WL 8372815, at *3 (S.D. Fla. Dec. 4, 2023) (citing *United States v.*

---

[1] Even if Castaneda Mendez were eligible for relief under Amendment 821, the Court notes that a reduction would not be warranted under § 3553(a). The nature and circumstances of the offense demonstrates a high level of criminal intent and planning. Thus, Castaneda Mendez's sentence of 78 months in this case appropriately reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, and affords adequate deterrence to criminal conduct.

*Webb*, 565 F.3d 789, 794–95 (11th Cir. 2009) ("The notion of a statutory or constitutional right to counsel for § 3582(c)(2) motions has been rejected by all of our sister circuits that have addressed the issue, and we agree with this consensus.")). And given that Defendant is ineligible for relief and no re-calculation of his sentence need be done—and the Government has provided Defendant with a copy of his PSI and Sentencing Transcript, Resp. at 10—Castaneda Mendez's post-conviction conduct is irrelevant at this juncture, and there is no basis for Defendant to request additional documentation in support of his Motion.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant Carlos Rafael Castaneda Mendez's Consolidated Motion for Sentence Reduction and Motion for Appointment of Counsel, [ECF No. 345], is **DENIED**, and Defendant's Motion for an Order Directing the Government to Procure/Produce Post-Rehabilitation Documents and Motion for an Order Directing the Government to Procure/Produce Petitioner's Medical Records, [ECF Nos. 346, 347], are **DENIED as MOOT**.

**DONE AND ORDERED** in Miami, Florida, this 18th day of January, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**